**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DAVID SKOBLAR,<br><br>        Plaintiff,<br><br>        v.<br><br>MELISSA ULTO,<br><br>        Defendant. | Civil Action No. 15-6069 (ES) (JAD)<br><br>**ORDER** |

**SALAS, DISTRICT JUDGE**

This matter having come before the Court upon Plaintiff's Second Motion for Default Judgment (D.E. No. 25);

and it appearing that Plaintiff relies on 28 U.S.C. § 1331 to support this Court's jurisdiction;

and it appearing that subject-matter jurisdiction is based solely on Plaintiff's claims under 18 U.S.C. § 1030(g) (the "Computer Fraud and Abuse Act" or "CFAA") and 18 U.S.C. § 2511(1)(C) and (D) (the "Electronic Communications Privacy Act" or "ECPA");

and "because subject matter jurisdiction is non-waivable, courts have an independent obligation to satisfy themselves of jurisdiction if it is in doubt" and this Court may "raise *sua sponte* subject-matter jurisdiction concerns," *see Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 76-77 (3d Cir. 2003); s*ee also Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative . . . .");

and it appearing that, under § 1030(g) of the CFAA, Plaintiff must allege that Defendant engaged in conduct involving one of the factors set forth in subclause (i), (ii), (iii), (iv), or (v) of subsection (c)(4)(A)(i);

and it appearing that Plaintiff's CFAA claims concern only subclause (i), and that subclause (i) requires "loss to 1 or more person during any 1-year period . . . aggregating at least $5,000 in value," *see* § 1030(c)(4)(A)(i)(1);

and it appearing that "loss" under the CFAA "must pertain to 'a cost of investigating or remedying damage to a computer, or a cost incurred because the computer's service was interrupted,'" *Chas. S. Winner, Inc. v. Polistina*, No. 06-4865, 2007 WL 1652292 (D.N.J. June 4, 2007) (quoting *Nexans Wires S.A. v. Sark-USA, Inc.*, 319 F. Supp. 2d 468, 475 (S.D.N.Y. 2004), *aff'd* 166 F. App'x. 559 (2d Cir. 2006));

and it appearing that Plaintiff has not identified what portion of the damages he seeks resulted from Defendant's alleged violations of the CFAA, and further, whether those damages constitute a cognizable loss under the CFAA;

and it appearing that, under §§ 2511(1)(C) and (D) of the ECPA, Plaintiff must allege that Defendant intentionally disclosed or used (or endeavored to disclose or use) "the contents of any wire, oral, or electronic communication, knowing or having reason to know that the information was obtained through the interception of a wire, oral, or electronic communication in violation of this subsection";

and it appearing that "electronic communication" under the ECPA means "any transfer of signs, signals, writing, images, sounds, data, or intelligence of any nature transmitted in whole or in part by a wire, radio, electromagnetic, photoelectronic or photooptical system that affects interstate or foreign commerce, but does not include (A) any wire or oral communication; (B) any communication made through a tone-only paging device; (C) any communication from a tracking device . . . ; or (D) electronic funds transfer information stored by a financial institution in a communications system used for the electronic storage and transfer of funds," *see* § 2510(12);

and it appearing that "intercept" under the ECPA means "the aural or other acquisition of the contents of any wire, electronic, or oral communication through the use of any electronic, mechanical, or other device," *see* § 2510(4); *see also Fraser v. Nationwide Mut. Ins. Co.*, 352 F.3d 107, 113 (3d Cir. 2003) (holding that a communication is "intercepted" for purposes of the ECPA only if the interception "occur[s] contemporaneously with the transmission" of the communication);

and it appearing that Plaintiff's Verified Complaint (D.E. No. 1) does not adequately allege that Defendant disclosed or used (or endeavored to disclose or use) "the contents of any wire, oral, or electronic communication" as those terms are defined under the ECPA, nor does Plaintiff's Verified Complaint adequately allege that Defendant knew or had reason to know that the information she allegedly obtained was "intercepted" as that term is defined under the ECPA;

and it appearing that, because Plaintiff has not adequately alleged claims under either the CFAA or the ECPA, the Court does not have subject-matter jurisdiction over this case;

IT IS on this 24th day of January 2017,

**ORDERED** that Plaintiff's Second Motion for Default Judgment is DENIED; and it is further

**ORDERED** that Plaintiff's Verified Complaint is DISMISSED; and it is further

**ORDERED** that the Clerk of Court shall mark this matter CLOSED.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**